## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD

**MICHAEL DEVON HARMON,**

    **Movant,**

v.                                                                          **Case No. 1:16-cv-03838**
                                                                         **Case No. 1:14-cr-00017-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Letter-Form Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 64).  This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## **RELEVANT PROCEDURAL HISTORY**

On February 11, 2014 Movant, Michael Devon Harmon (hereinafter "Defendant"), was indicted on four controlled substance offenses.  (ECF No. 1).  On May 19, 2014, Defendant pled guilty, pursuant to a written plea agreement, to one count of distribution of a quantity of hydromorphone, in violation of 21 U.S.C. § 841(a)(1).  (ECF No. 34-36, 39).

On September 23, 2014, Defendant was sentenced to a 108-month term of imprisonment, followed by a three-year term of supervised release, and was ordered to pay a $100 special assessment.  (ECF No. 44).  Defendant's sentencing guideline

calculation included an enhancement under USSG § 4B1.1 for being a career offender, because he had three prior felony controlled substance offenses.  The career offender enhancement increased Defendant's guideline level to a 32 (before a three-level reduction for acceptance of responsibility), and his criminal history category to a VI.  Defendant did not appeal his sentence to the United States Court of Appeals for the Fourth Circuit.

On May 31, 2016, more than one year after his judgment became final, Defendant filed the instant section 2255 motion (ECF No. 64), asserting that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.[1]  Defendant, however, was not sentenced under the ACCA, and the Supreme Court and Fourth Circuit have held that *Johnson* is not applicable to the United States Sentencing Guidelines.

Because it is evident that Defendant is not entitled to any relief on his second section 2255 motion, the undersigned has not ordered a response by the United States of America.

---

[1] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses.  18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The ACCA defines a "violent felony" as a crime punishable … by imprisonment for a term exceeding one year … that

  (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

  (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added).  Subsection (i) is known as the "elements" or "force" clause.  The first part of subsection (ii) is known as the "enumerated offense" clause.  The emphasized portion of subsection (ii) is known as the "residual" clause.

## ANALYSIS

The court can quickly dispose of Defendant's claim that he is entitled to relief under the Supreme Court's decision in *Johnson*. Defendant argues that the decision in *Johnson* also invalidates the residual clause contained in USSG § 4B1.2(a)(2), which is used to determine whether a prior conviction is a "crime of violence" for the purpose of the career offender enhancement. However, that issue has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

In light of *Beckles*, any argument that the holding in *Johnson* also invalidates the residual clause of the career offender guideline is without merit. *See also United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017) (*Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to ACCA's invalidated residual clause). Furthermore, Defendant's predicate offenses for his career offender enhancement were felony controlled substance offenses, as defined in USSG § 4B1.2(b), which does not contain a residual clause and is, thus, unaffected by the *Johnson* decision. Therefore, *Johnson* is wholly inapplicable to Defendant's case.

Moreover, because *Johnson* is inapplicable to Defendant's claim, his section 2255 motion is otherwise untimely, as it was filed more than one year after his Judgment became final.  *See* 28 U.S.C. § 2255(f)(1).

## **RECOMMENDATION**

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 64) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Faber.

    The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, **who is now incarcerated at USP Lewisburg, U.S. Penitentiary, P.O. Box 1000, Lewisburg, PA 17837**, and to transmit a copy to counsel of record.

June 19, 2018

Dwane L. Tinsley
United States Magistrate Judge